# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| PIAZZA REALTY PROPERTY MANAGEMENT, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> DALE MATTHEWS, et al., <br><br> Defendants. | CASE NO. C17-1866JLR <br><br> ORDER REMANDING CASE |

## I. INTRODUCTION

This matter comes before the court *sua sponte*. Having examined the complaint (Compl. (Dkt. # 2-1)), the notice of removal from the Superior Court of Skagit County, Washington, (Not. of Removal (Dkt. # 2)), the motion for temporary restraining order (Mot. for TRO (Dkt. # 4)), and the relevant law, the court finds that it lacks subject matter jurisdiction over this action and remands the case to the state court.

//

ORDER - 1

## II. BACKGROUND

Plaintiffs Piazza Realty Property Management, Inc. obo Dave and Wilma Torretta (collectively, "Piazza"), own the premises at 106 N. Central Avenue, Sedro Woolley, Skagit County, Washington ("the premises"). (Compl. ¶ 1.) Defendants Dale and Angela Matthews (collectively, "the Matthews") have rented the premises since April 10, 2011. (*Id.* ¶ 2.) The Matthews failed to pay their monthly rent of $1,450.00 in October 2017 and November 2017, as well as the corresponding utility and late fees. (*Id.* ¶¶ 3-4.) On November 28, 2017, Piazza brought an action against the Matthews in the Skagit County Superior Court, requesting an order of default, a writ of restitution, and a judgment against the Matthews for unpaid rent and fees. (*See generally id.*) On December 11, 2017, the Skagit County Superior Court entered the order, writ, and judgment. (*See* State Ct. Order (Dkt. # 2-2).)

On December 14, 2017, the Matthews filed a notice of removal in this court. (*See* Not. of Removal.) The Matthews claim this court has subject matter jurisdiction over the case because the complaint presents a federal question. (*Id.* ¶ 5.) The Matthews argue that the complaint "intentionally fails to allege compliance with the Civil Rights Act of 1968," that "Defendant has multiple habitability issues such as mold and the roof leaking," that "Defendant is a members [sic] of a protected class of whom the statue [sic], the 'Civil Rights Act of 1968' was created," and that "The Federal Cause of Action in ejectment is the basis for this action, irrespective of artful pleading, such that action could have been brought in Federal District Court." (*Id.* ¶¶ 6, 10-11.) The notice of removal identifies no other grounds for federal subject matter jurisdiction. (*See generally id.*)

On December 18, 2017, the Matthews filed a motion for temporary restraining order. (*See* Mot. for TRO.) After reviewing the complaint, the notice of removal, and the motion for temporary restraining order, the court determined that the Matthews had failed to provide an adequate basis for subject matter jurisdiction over this action. (*See* Order to Show Cause (Dkt. # 5) at 1.) Therefore, on December 19, 2017, the court ordered the Matthews to show cause within seven (7) days as to why the court should not remand this matter to state court. (*Id.*) More than seven days have elapsed, and the court has received no new filings from the Matthews.

### III. DISCUSSION

**A. Standards**

Federal courts are courts of limited jurisdiction. *See e.g.*, *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978); *Rodriguez v. AT & T Mobility Servs. LLC*, 728 F.3d 975, 980 (9th Cir. 2013); *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011); *Gen. Atomic Co. v. United Nuclear Corp.*, 655 F.2d 968, 968 (9th Cir. 1981). In general, federal jurisdiction exists when a claim either (1) arises under the Constitution and laws of the United States, or (2) arises between citizens of different states and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332; *see also* Erwin Chemerinsky, Federal Jurisdiction § 5.1 (5th ed. 2001) (listing other categories of federal subject matter jurisdiction).

Any civil action brought in a state court may be removed to a federal district court if the federal district court could have exercised original jurisdiction over the action. *See* 28 U.S.C. § 1441. "A suit may be removed to federal court under 28 U.S.C. § 1441(a)

only if it could have been brought there originally." *Infuturia Global Ltd. v. Sequus Pharm., Inc.*, 631 F.3d 1133, 1135 n.1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."); *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). The removal statute is strictly construed against removal jurisdiction, and a removing party bears the burden of establishing the existence of federal subject matter jurisdiction. *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)); *see also Carlyle Inv. Mgmt. LLC v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015) ("The federal removal statute . . . is strictly construed, requiring remand if any doubt exists over whether removal was proper"); *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) ("Any ambiguities are construed against removal and in favor of remand to state court"); *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006); *Mulcahey v. Columbia Organic Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994); *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979). If at any time before final judgment a federal court determines that it lacks subject matter jurisdiction over a removed action, the court must remand the action to state court. *See* 28 U.S.C. § 1447(c).

The Supreme Court has repeatedly held that "in order for a claim to arise 'under the Constitution, laws, or treaties of the United States,' 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of

the plaintiff's cause of action.'" *Philips Petroleum Co. v. Texaco Inc.*, 415 U.S. 125, 127 (1974) (quoting *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). This essential federal element must appear from the plaintiff's own statement of her cause of action. *Louisville & N.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1 (1983). Whether a complaint raises a federal question is determined by use of the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is present on the face of the plaintiff's properly pleaded complaint. *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). Further, it must be clear that a federal question is presented by the complaint. *Duncan*, 76 F.3d at 1485. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar, Inc.*, 482 U.S. at 392.

**B.     Because Piazza's complaint does not raise a federal question, removal was improper**

Piazza's complaint references only state law causes of action. (*See generally* Compl.) The Matthews' brief and ambiguous references to the Civil Rights Act of 1968, without more, are not sufficient to establish subject matter jurisdiction in this court. The court afforded the Matthews an opportunity to clarify the basis for subject matter jurisdiction; an opportunity the Matthews squandered.

In short, Piazza's well-pleaded complaint does not raise a federal question, and the Matthews have not proven otherwise. The court therefore concludes that the Matthews' removal in this case was improper and subject matter jurisdiction is lacking. Federal

jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Gaus*, 980 F.2d at 566. Accordingly, the court remands this case to state court under 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction.

## IV. CONCLUSION

For the foregoing reasons, the court finds that subject matter jurisdiction over this case is lacking and therefore ORDERS as follows:

1. Pursuant to 28 U.S.C. §§ 1447(c) and 1447(d), all further proceedings in this case are REMANDED to the Superior Court for Skagit County, Washington,
2. The Clerk of the Court shall send copies of this order to all counsel of record for all parties,
3. Pursuant to 28 U.S.C. § 1447(c), the Clerk of the Court shall mail a certified copy of this order to the Clerk of the Court for the Superior Court for King County, Washington,
4. The Clerk of the Court shall also transmit the record herein to the Clerk of the Court for the Superior Court for King County, Washington, and
5. The Clerk of the Court shall TERMINATE all pending motions and CLOSE this case.

Dated this 3rd day of January, 2018.

JAMES L. ROBART
United States District Judge

ORDER - 6